# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 15-2001-CM-KGG |
| GUIDEONE MUTUAL INSURANCE COMPANY, ) ) ) ) | |
| Defendant. ) ) | |

## REPORT & RECOMMENDATION
## OF DENIAL OF PLAINTIFF'S MOTION TO AMEND

Now before the Court is Plaintiff's "Motion for Leave to File Second Amended Complaint." (Doc. 54.) For the reasons set forth below, the undersigned Magistrate Judge **recommends** that the motion be **DENIED**.

## BACKGROUND

This case was brought by Westport Insurance Company ("Plaintiff") contending that it is entitled to recover the payment it made on behalf of the Al Shank Agency ("the insured") for property damage allegedly sustained by Grace Evangelical Lutheran Church ("the church"). Plaintiff brings the present motion requesting permission "to file a Second Amended Complaint in light of the recent discovery . . . of a mutual indemnity provision contained" within the relevant

agency agreement ("the agreement") between Defendant and the insured.  Plaintiff contends that "[t]he version of the Agreement possessed by [the insured] lacked the page that contained the indemnity provision at issue, and a complete copy of [the agreement] was not produced by Defendant . . . with its initial disclosures."  (Doc. 54, at 1.)  Plaintiff contends the omission was only recently discovered – and after the Scheduling Order's deadline to amend pleadings had expired.

## DISCUSSION

Plaintiff's motion must be examined under the standards for a motion to amend the Complaint under Fed.R.Civ.P. 15(a) as well as a motion to modify the Scheduling Order, which is governed by Fed.R.Civ.P. 16(b)(4).  Defendant's arguments against the proposed amendment include that Plaintiff has failed to establish good cause for bringing the motion out of time and that the proposed amendment is futile.  (*See generally* Doc. 59.)

**1.    Rule 16 Analysis.**

Rule 16(b)(4) mandates that "[a] schedule may be modified only for good cause and with the judge's consent."

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Parker v. Central Kansas Medical Center***, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan.1993).  'This rule gives trial courts 'wide latitude in entering

scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.'  *In re Daviscourt*, 353 B.R. 674, (B.A.P. 10th Cir.2006) (citing *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir.1996)).

*Grieg v. Botros*, No. 08-1181-EFM-KGG, 2010 WL 3270102, at \*3 (D.Kan. Aug. 12, 2010).  It is well-established in this District that motions to modify a scheduling order focus "on the diligence of the party seeking to modify the scheduling order."  *Id*. (citing *Leviton Mfg. Co., Inc. v. Nicor, Inc*., 245 F.R.D. 524, 528 (D.N.M.2007) (internal citations omitted)).

As stated above, Plaintiff contends that "[t]he version of the Agreement possessed by [the insured] lacked the page that contained the indemnity provision at issue, and a complete copy of [the agreement] was not produced by Defendant . . . with its initial disclosures."  (Doc. 54, at 1.)  Defendant apparently concedes that the page at issue was not initially sent to the insured but argues that "due diligence" should have alerted the insured that the relevant provision existed. (Doc. 59, at 4-5.)

> If either Al Shank (when he received the email and attached document on February 18, 2014) or Eva Montgomery (when she received the email and attached document from Al Shank on February 18, 2014) had bothered to read the email and attached document, it would have been abundantly clear to them that a page of the document was missing.  The bottom of the first page of the attached document is clearly marked as Page 1. Page 1 ends with Section 1.15.  The next page of the

3

> attached document is clearly marked as Page 3 at the
> bottom. Page 3 starts with Section 5.1.  Anyone who read
> the document would have known a page and relevant
> provisions contained therein were missing.

(*Id.*, at 5.)

In other words, although a page was missing from the document sent to the insured, Defendant contends that it was the insured's fault for not realizing this sooner.  This argument is unpersuasive.  The Court will not place the burden of discovering this omission on the recipient of the document at issue.  The Court finds that Plaintiff has established good cause pursuant to Fed.R.Civ.P. 16 for not bringing the present motion until after the Scheduling Order's deadline to do so.

**2.      Rule 15 Analysis.**

Fed.R.Civ.P. 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir.1992); *see* **6 Wright, Miller & Kane, Federal Practice and Procedure** § 1487 at 642 (1990).  Even so, the Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  *Id*. (*quoting* ***Carefusion 213, LLC v. Professional Disposables, Inc.***, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D.Kan. Oct. 12, 2010)).

Given the Court's analysis above, the Court finds no bad faith, dilatory motive, undue delay, undue prejudice, or that Plaintiff failed to cure deficiencies with prior amendments.  Thus, the analysis turns to whether Defendant has established the futility of the proposed claim.

Plaintiff's proposed Second Amended Complaint includes a cause of action based on the indemnity provision contained in the agreement.  The proposed pleading contends that

> [b]y involuntarily covering the loss to make the church whole, Plaintiff should be indemnified in whole or in part for its payments that were the result of Defendant's own negligence, which, under Iowa law, a Defendant cannot be indemnified for its own negligence unless such intent is expressed in clear and unequivocal language, which is

>not present here.

(Doc. 55-1, at 4.) Plaintiff relies on Section 4.1(d) of the agreement, which states

>Each party (the "Indemnitor") shall indemnify, defend and hold harmless the other party, its Affiliates, and their Agents (the "Indemnified Parties") for and from any and all losses, liabilities, damages, actions, claims, demands, settlements, judgments, and any other expense including, but not limited to, attorney's fees and expenses, which are asserted against, incurred or suffered by the Indemnified Parties and which arise out of:
>
>>(a)   the violation of Applicable Law by the Indemnitor or its Agents;
>>
>>(b)   the breach by Indemnitor or its Agents of any covenant, condition, warranty, or representation contained in this Agreement;
>>
>>(c)   the failure of the Indemnitor or its Agents to discharge its duties and obligations under, or observe and comply with the limitations on its authority contained in this Agreement; or
>>
>>(d)   the negligence, gross negligence, or willful or wanton behavior of the Indemnitor to its Agents.

(Doc. 59, at 10-11.)

Defendant argues that, given the allegations contained in the proposed Second Amended Complaint, "[t]here is no claim that arises out of any negligence, gross negligence, or willful or wanton behavior" of Defendant. (Doc. 59.) Plaintiff replies that Defendant "ignored the [insured] both before and after the loss

in question" and, as such, Plaintiff was required to cover the insured's loss "[d]ue to such negligent conduct on Defendant's part . . ." (Doc. 63, at 6.) In other words, Plaintiff "is not seeking to be indemnified for the negligence of its own insured," but rather "for involuntarily discharging the obligations that were owed by Defendant . . . to [the church]'." (*Id.*)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (clarifying and affirming the probability standard stated in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555 (2007)). "While the 12(b)(6) standard does not require that Plaintiff establish a *prima facie* case in [its] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." ***Khalik v. United Air Lines***, 671 F.3d 1188, 1192 (10th Cir.2012).

Simply stated, the proposed new claim alleges no cause of action. Plaintiff does not allege that the insurance failed. Plaintiff does not allege negligence in the processing of the claim. Plaintiff has failed to allege any facts to establish the predicate liability. As such, "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th

Cir.1991). The proposed amendment, if allowed, would be subject to dismissal. Denial of Plaintiff's motion is, therefore, recommended.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Leave to Amend (Doc. 54) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, the parties shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Any party's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED.**

Dated at Wichita, Kansas, on this 10th day of November, 2015.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge