**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WESTPORT INSURANCE CORPORATION,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 15-2001-CM |
| **GUIDEONE MUTUAL INSURANCE COMPANY,** ) ) ) | |
| **Defendant.** ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Westport Insurance Company brought this action to recover payment that it made on behalf of the Al Shank Agency ("Al Shank"). According to plaintiff, Al Shank was an authorized agent for defendant GuideOne Mutual Insurance Company. Al Shank procured insurance for Grace Evangelical Lutheran Church ("the church") through defendant. But when the church sustained water damage, defendant refused to pay the claim. Plaintiff, who was Al Shank's insurer, then involuntarily paid the claim to "make whole the church." (Doc. 5-1 at 2, ¶ 7.) Plaintiff explains in its brief that it covered the loss "as the subrogee of [Al Shank] and assignee of [the church]." (Doc. 75-1 at 5.) Plaintiff seeks to recover that payment from defendant. Initially, plaintiff brought only an equitable claim. Plaintiff now asks the court to let it add a contractual claim for duty to indemnify, based on the contract between Al Shank and defendant.

A federal magistrate judge reviewed plaintiff's request to amend and recommends that this court deny the request. The case is now before the court on its review of the magistrate judge's report and recommendation (Doc. 71) regarding plaintiff's motion for leave to amend its complaint (Doc. 54). The magistrate judge found that the proposed amendment would be futile. Plaintiff timely objected

(Doc. 75). This court conducts a *de novo* review of the portion of the report and recommendation to which plaintiff objects. Fed. R. Civ. P. 72(b). After reviewing the report and recommendation, briefs, and applicable law, the court sustains plaintiff's objection. The court adopts in part the report and recommendation (the portion to which no party objected), but grants plaintiff's motion for leave to amend.

Plaintiff seeks leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure, which allows parties to amend pleadings "when justice so requires." A court may still deny leave to amend, however, when the proposed amendment would be futile. *Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (internal citations omitted). An amendment is futile when it would be subject to a motion to dismiss for failure to state a claim. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In evaluating a motion to dismiss for failure to state a claim, the complaint must set forth factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In this case, plaintiff's proposed amended complaint alleges that defendant should indemnify plaintiff for payments that plaintiff made as a result of defendant's negligence. Defendant and Al Shank were parties to a contract that included an indemnification provision:

> Each party (the "Indemnitor") shall indemnify, defend and hold harmless the other party, its Affiliates, and their Agents (the "Indemnified Parties") for and from any and all losses, liabilities, damages, actions, claims, demands, settlements, judgments, and any other expense including, but not limited to, attorney's fees and expenses, which are asserted against, incurred or suffered by the Indemnified Parties and which arise out of . . . the negligence, gross negligence, or willful or wanton behavior of the Indemnitor to its Agents."

(Doc. 59, at 10–11.)

Plaintiff does not specify the manner in which defendant was negligent.  Rather, plaintiff alleges generally that:

- Al Shank, as defendant's agent, bound coverage for the church.  (Doc. 55-1 at 2, ¶ 7.)

- Previously, Al Shank had issued policies of insurance written by defendant to various other churches.  (*Id.* at 2, ¶ 8.)

- Although defendant had authorized Al Shank to bind insurance coverage for the church, defendant denied the church's claim for water damage.  (*Id.* at 3–4, ¶ 16.)

- Defendant claimed that no policy was issued because its application procedures were not followed.  (*Id.* at 4, ¶ 16.)

- To mitigate the loss and prevent waste, plaintiff involuntarily paid $164,803.24 on behalf of its insured (Al Shank).  (*Id.* at 4, ¶ 17.)

- Plaintiff should not have had to pay the loss because Al Shank was without fault, (*id.* at 4, ¶ 17), and the church performed all conditions required to receive coverage for the loss, (*id.* at 3, ¶ 15).

The report and recommendation concludes that plaintiff alleged neither that the "insurance failed" nor that defendant "negligen[tly] . . . process[ed] . . . the claim.  (Doc. 71 at 7.)  Technically, this is a correct statement.  Plaintiff certainly has not offered specific information identifying how defendant failed in its duty to process and pay the church's claim.  Instead, plaintiff generally claims that both the church and Al Shank followed proper procedures to insure the church, leaving the reviewer to infer that any negligence had to be on the part of defendant.

Plaintiff's proposed amended complaint lacks detail about the negligent actions defendant took or the actions that defendant negligently failed to take.  For this reason, plaintiff's new claim verges on speculation.  But if neither Al Shank nor the church did anything wrong in procuring the insurance,

then the logical conclusion is that defendant did something wrong in processing and ultimately denying the claim.  Although the proposed amended complaint would benefit from additional allegations, the court concludes that amendment is not futile.  This decision is not without reservation, but the court prefers to resolve cases on their merits where possible.  Accordingly, the court sustains plaintiff's objection.  The portion of the report and recommendation to which neither party objected is adopted, but the portion recommending denial of leave to amend is not adopted.  Plaintiff must file its amended complaint within seven days of the date of this order.

**IT IS THEREFORE ORDERED** that plaintiff's Objection to Report and Recommendation (Doc. 75) is sustained.

**IT IS FURTHER ORDERED** that the court adopts the Report and Recommendation in part (Doc. 71), but grants plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 54).

Dated this 13th day of January, 2016, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**