# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) GUIDEONE MUTUAL INSURANCE ) COMPANY, ) ) Defendant. ) _____) | Case No.15-2001-CM-KGG |

## ORDER ON MOTION TO QUASH SUBPOENA
## AND FOR PROTECTIVE ORDER

Now before the Court is the Motion for Protective Order (Doc. 111) filed by Plaintiff regarding a subpoena to provide deposition testimony served on Eva Montgomery, an employee of Plaintiff in the above-captioned matter. Having reviewed the submissions of the parties, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

This case was brought by Westport Insurance Company ("Plaintiff") as subrogee to Grace Evangelical Lutheran Church ["the church"] and Al Shank Insurance, Inc. [the insured]. (Doc. 1-1.) In its state court Petition, which was removed to federal court, Plaintiff alleges "a claim for equitable relief as a result of an involuntary payment it made on behalf of its insured, Al Shank Insurance, Inc.,

1

as a result of Defendant's failure to adjust a water damage claim of" the church. (Doc. 55, at 1; *see also* Doc. 1-1.)  More specifically, Plaintiff alleges

> [t]his case seeks equitable relief after a water damage loss was suffered by Grace Evangelical Lutheran Church of Liberal, KS on or about February 18, 2014.  The Al Shank Agency of Liberal, KS solicited an insurance policy and bound coverage on behalf of Defendant GuideOne, insuring the risk of Grace Evangelical Lutheran Church for losses caused by water.  A claim for the February 8, 2014 loss was submitted to GuideOne, but GuideOne denied coverage.  Rather than require the church to suffer an uncompensated loss that should have been adjusted by GuideOne, Plaintiff Westport as the liability carrier for the Al Shank Agency stepped in and involuntarily paid the water loss to make whole the church pursuant to *Gilbert v. Mutual Ben. Health & Accident Ass'n*, 172 Kan. 586, 241 P.2d 768 (1952).  As a result, this action seeks equitable reimbursement or contribution from Defendant GuideOne for Westport's involuntary payments to adjust the water loss.

(Doc. 1-1, at 2.)  Defendant's Answer generally denies Plaintiff's claims for liability.  (Doc. 3.)

The present motion requests that the Court quash a subpoena to provide deposition testimony served on Plaintiff's employee Eva Montgomery.  It is undisputed for purposes of this motion that Ms. Montgomery was the employee who made the determination on behalf of Plaintiff that "Al Shank Insurance had binding authority on behalf of GuideOne."  (Doc. 112, at 3.)  Ms. Montgomery also "retained counsel to approach GuideOne and request GuideOne to provide coverage."  (*Id.*)

## ANALYSIS

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>     * * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
>     * * *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1). The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id*.; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010).

Plaintiff argues that good cause to quash exists because "Ms. Montgomery had no first-hand participation in the repairs and no first-hand contact with the church." (Doc. 112, at 3.) Plaintiff continues that Ms. Montgomery "had no

3

interaction with GuideOne" and "possesses no first-hand knowledge of the binding authority of Al Shank Insurance, GuideOne's decision to decline coverage, or the repairs to the church and the amount of those repairs." (*Id.*)  As such, Plaintiff argues that "it would constitute an undue burden upon Ms. Montgomery and Plaintiff to incur the time and expense" to have her deposed "given her lack of personal knowledge as to the principle issues in this case." (*Id.*)

Defendant responds that, in the Declaration of Ms. Montgomery submitted with Plaintiff's motion, she "says she quickly determined Al Shank Insurance had binding authority on behalf of Defendant GuideOne." (Doc. 113, at 3.)  Defendant continues that "in order to make that determination, [she] obviously obtained information relating to the relationship between Defendant GuideOne and Al Shank Insurance . . . ." (*Id.*)  Defendant argues that even if the information known by Ms. Montgomery is not of a "first-hand" nature, it is still discoverable.  Further, according to Defendant, Ms. Montgomery does have first-hand information "as to her communications with the Al Shank Agency . . . about their attempts to place coverage for the church, as well as their communications with the church." (*Id.*, at 4.)

Based on the information provided, Plaintiff has not established good cause to quash the deposition of Ms. Montgomery.  Given her employment with Plaintiff and her involvement in the initial stages of the underlying claim, it appears likely

4

that she may possess discoverable information relevant to the claims and defenses in this case. The Court cannot find that her deposition would be an undue burden to her or to Plaintiff. For this reason, Plaintiff's Motion for Protective Order (Doc. 111) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (Doc. 111) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2016, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE