## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WESTPORT INSURANCE )
CORPORATION, )
)
     Plaintiff, )
)
v. )     Case No.15-2001-CM-KGG
)
GUIDEONE MUTUAL INSURANCE )
COMPANY, )
)
     Defendant/Third-Party Plaintiff, )
)
v. )
)
AL SHANK, et al., )
)
     Third-Party Defendants. )
_____)

## MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTION TO COMPEL

Before the Court is Defendant's Motion to Compel, which includes a request

for sanctions.  (Doc. 115.)  For the reasons set forth below, Defendant's Motion is

**GRANTED in part**.

## BACKGROUND

This case was brought by Westport Insurance Company ("Plaintiff") as

subrogee to Grace Evangelical Lutheran Church ["the church"] and Al Shank

Insurance, Inc. [the insured].  (Doc. 1-1.)  In its state court Petition, which was

removed to federal court, Plaintiff alleges "a claim for equitable relief as a result of an involuntary payment it made on behalf of its insured, Al Shank Insurance, Inc., as a result of Defendant's failure to adjust a water damage claim of" the church. (Doc. 55, at 1; *see also* Doc. 1-1.)  More specifically, Plaintiff alleges

> [t]his case seeks equitable relief after a water damage loss was suffered by Grace Evangelical Lutheran Church of Liberal, KS on or about February 18, 2014.  The Al Shank Agency of Liberal, KS solicited an insurance policy and bound coverage on behalf of Defendant GuideOne, insuring the risk of Grace Evangelical Lutheran Church for losses caused by water.  A claim for the February 8, 2014 loss was submitted to GuideOne, but GuideOne denied coverage.  Rather than require the church to suffer an uncompensated loss that should have been adjusted by GuideOne, Plaintiff Westport as the liability carrier for the Al Shank Agency stepped in and involuntarily paid the water loss to make whole the church pursuant to ***Gilbert v. Mutual Ben. Health & Accident Ass'n***, 172 Kan. 586, 241 P.2d 768 (1952).  As a result, this action seeks equitable reimbursement or contribution from Defendant GuideOne for Westport's involuntary payments to adjust the water loss.

(Doc. 1-1, at 2.)  Defendant's Answer generally denies Plaintiff's claims for liability.  (Doc. 3.)  Defendant brings third-party claims against Al Shank, Al Shank Insurance, Inc., and Sandra Edgerly.

As to the specific discovery requests at issue, Defendant seeks full and complete responses to the discovery requests it sent to the Third-Party Defendants. Even though Defendant had agreed to requested extensions sought by Third-Party

2

Defendants, discovery responses were not served as of the time Defendant filed the present motion.  Since the filing of the motion, Third-Party Defendants Al Shank and Al Shank Insurance have provided responses to the interrogatories, but Defendant contends the responses contain "numerous deficiencies."  (Doc. 124, at 2; *see also* Doc. 124-1.)  As of the filing of Defendant's reply brief, Third-Party Defendant Sandra Edgerly had not provided her Interrogatory answers.  All of the Third-Party Defendants have responded to the document requests, but, according to Defendant, these responses are also deficient.

## DISCUSSION

Third-Party Defendants requested and received extensions to respond to Defendant's discovery requests.  Even though certain responses were served after the present motion was filed, none of the responses were provided within the extended deadline.  As such, any objections to the discovery requests have been waived.  *See* Fed.R.Civ.P. 33(b), 34(b).

The Court has reviewed the deficiencies with the responses defense counsel enumerated in the "golden rule" letter to counsel for the Third-Party Defendants. (Doc. 124-1.)  The Court finds Defendant's concerns to be justified, particularly considering that the responses were not served in a timely manner.  The Court, therefore, orders Third-Party Defendants to supplement their responses (and in the

case of Third-Party Defendant Sandra Edgerly, to provide Interrogatory responses)
to address each of the specific deficiencies discussed in the "golden rule" letter.
(*Id*.)

Defendant's motion also contains a request for sanctions in the form of
Defendant's costs associated with the filing of this Motion.  Federal Rule of Civil
Procedure 37 governs sanctions for a failure to cooperate with discovery.
Subsection (a) of that rule provides a party may move for an order compelling
discovery where another party fails to timely respond.  The rule provides that if
such a motion is granted, or if the discovery is provided after the motion is filed,
"the court must, after giving an opportunity to be heard, require the party or
deponent whose conduct necessitated the motion, the party or attorney advising
that conduct, or both to pay the movant's reasonable expenses incurred in making
the motion, including attorney's fees."  Fed.R.Civ.P. 37(a)(5).  The Rule continues,
however, that a court "must not" order sanctions if the opposing party's failure to
respond "was substantially justified" or "other circumstances make an award of
expenses unjust."

Counsel for Third-Party Defendants does not dispute the time line
enumerated by Defendant and admits that responses were served after the Motion
to Compel was filed.  (Doc. 120, at 2.)  Given the sheer volume of discovery

4

requests served by Defendant (76 document requests and 55 interrogatories), the Court finds that these circumstances make an award of sanctions unjust at the present time.  Should Third-Party Defendants fail to comply with the terms of this Order, however, the Court will be inclined to order sanctions, including attorney's fees relating to any subsequent motion practice as well as the underlying motion addressed herein.

Defendant's Motion (Doc. 115) is, therefore, **GRANTED in part** as more fully set forth above.  Third-Party Defendants are hereby Ordered to provide discovery responses, without objection, where none have yet been provided and to supplement the deficient responses enumerated in defense counsel's "golden rule" letter.  Such responses and supplemental responses shall be served within **14 (fourteen) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 115) is **GRANTED in part.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 28th day of November, 2016.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge